Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. On February 23, 1994, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date(s) the employer-employee relationship existed between the parties.
3. As of said date(s) Aetna Casualty Surety Co. provided the coverage to the employer as provided under said Act.
4. The alleged injury giving rise to the plaintiff's claim occurred on February 23, 1994.
5. On said date the plaintiff was earning an average weekly wage of $260.00.
6. That the plaintiff first began her employment with the defendant-employer in October 1993 and has continued to be so employed.
7. That the plaintiff has been medically treated by the following medical providers:
a. Dr. Wade Grainger in March of 1994.
 b. Dr. Larry Kroll from March of 1994 to August 17, 1994.
 c. Parkridge Hospital, Physical Therapy on July 15, 1994.
8. That the issues to be determined in this case are:
 a. Did the plaintiff sustain an injury by accident arising out of and in the course of her employment with the defendant-employer on February 23, 1994; and,
 b. If so, are the injuries of which the plaintiff complains caused by the said accident; and,
 c. If so, to what compensation, if any, is the plaintiff entitled under the Act.
9. The parties further stipulate into evidence approximately nine pages of medical records.
At the hearing before the deputy commissioner on October 14, 1994, the parties introduced the following exhibits:
 1. Plaintiff's Exhibit 1, marked P1, consisting of a collection of blue prints of material used by the plaintiff in the performance of her employment duties with the defendant-employer.
 2. Plaintiff's Exhibit 2, marked P2, consisting of blue prints of material being run by the plaintiff on February 23, 1994.
 3. Plaintiff's Exhibit 3, marked P3, consisting of an example of 18 gauge metal.
 4. Plaintiff's Exhibit 4, marked P4, consisting of an example of 11 gauge metal.
 5. Plaintiff's Exhibit 5, marked P5, consisting of an example of 4 gauge metal.
 6. Plaintiff's Exhibit 6, marked P6, consisting of a collection of hospital and doctor bills incurred in the treatment of her left knee, to which the plaintiff objects.
 7. Plaintiff's Exhibit 7, marked P7, consisting of an example of 7 gauge metal.
 8. Plaintiff's Exhibit 8, marked P8, consisting of the nine pages of medical exhibits which have been stipulated into the record.
* * * * * * * * * * *
Based upon all the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. On February 23, 1994, the plaintiff was employed by the defendant-employer as a machine operator running an Amada machine which is designed to punch holes in sheet metal parts to outdoor equipment which the defendant-employer constructed and assembled.
2. The plaintiff's job duties required that she place the sheet metal parts to be punched on the surface of the Amada machine and set the machine to punch the holes as required by the specifications of the part being processed.
3. The weight and thickness of the parts being processed by the plaintiff differed from time to time.
4. On February 23, 1994, the plaintiff was processing metal parts of greater weight and thickness than usual, and although she had processed such parts before this occasion, she had had assistance on those previous occasions from fellow employees and was not required to lift the heavy parts from a pallet to the work surface of the Amada machine by herself without help.
5. On said occasion of February 23, 1994 as the plaintiff was lifting the heavy parts from a pallet, she felt a stiffness in her left knee with the sensation that her knee needed to be popped, a sensation she had never felt before.
6. The plaintiff reported this incident to her supervisor but continued to work her shift.
7. Subsequent to February 23, 1994, although the plaintiff continued to work and perform the duties of her employment, she began to experience swelling and soreness in her left knee. With the assistance of the defendant-employer, who through its receptionist, made an appointment with the defendant-employer's medical doctor, plaintiff was medically treated by said doctor and referred to an orthopedic physician for further treatment.
8. Thus, the plaintiff has been medically treated for her left knee condition but has lost no time from her employment with the defendant-employer. She has not been compensated as a result of the incident on February 23, 1994.
9. The plaintiff was last medically treated prior to the hearing on October 14, 1994 on August 17, 1994 at which time she was placed on conservative treatment and medication and advised to return in one month or sooner if necessary.
10. The duties of her employment which the plaintiff was performing on February 23, 1994 were a change in her usual work routine in that the metal parts that she was required to handle were heavier than the usual parts and she was not assisted by a fellow employee in handling said heavy parts as she had in the past when required by the defendant-employer to process such heavy parts in the performance of her work duties.
11. On February 23, 1994, the plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant-employer.
12. The plaintiff has not reached maximum medical improvement with respect to her left knee condition and has not been medically rated concerning any permanent partial disability which she may have sustained with respect to said left knee as a result of the incident occurring on February 23, 1994, nor medically released from further medical treatment.
13. From time to time the plaintiff has been out of work with her knee condition as a result of the incident occurring on February 23, 1994.
14. The plaintiff was earning an average weekly wage of $260.00 on February 23, 1994.
* * * * * * * * * * * *
Based upon the foregoing findings of fact the Full Commission makes the following
CONCLUSIONS OF LAW
1. On February 23, 1994, the plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant-employer.
2. At this time the plaintiff is entitled to no temporary total disability compensation benefits under the provisions of the Act.
3. At this time the plaintiff is entitled to no permanent partial disability compensation benefits.
4. The plaintiff is entitled to past, present and future medical expenses incurred as a result of the accident occurring on February 23, 1994 until such time as she shall reach maximum medical improvement, be medically rated with respect to her left knee disability, if any, or medically released from further medical treatment for said left knee or otherwise in keeping with the provisions of the North Carolina Workers' Compensation Act.
* * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. The defendants shall pay all past, present and future medical expense resulting from said injury until such time as the plaintiff shall reach maximum medical improvement, be medically rated with respect to her left knee disability, if any, or medically released from further medical treatment for said left knee or otherwise in keeping with the provisions of the North Carolina Workers' Compensation Act when the same have been presented to the Commission through the Carrier and approved by said Commission.
2. An attorney fee of $300.00 is hereby approved for Lloyd Sigmon for his services to the plaintiff to be paid as the plaintiff and her counsel shall agree between themselves.
3. The defendants shall pay the costs due this Commission.
 S/ _____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _____________ THOMAS J. BOLCH COMMISSIONER
S/ _____________ COY M. VANCE COMMISSIONER
BSB:md